United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Heslop, Inc.,
                Debtor.
_____/

Case No. 05-43458-R
Chapter 7

<u>Opinion Regarding Ronald B. Heslop's</u>
<u>Motion for Relief from Automatic Stay</u>

This matter is before the Court on Ronald B. Heslop's motion for relief from the automatic stay to permit him to collect checks related to pre-petition anti-trust litigation to which the debtor was a party. The trustee filed an objection to the motion. The Court conducted a hearing on January 8, 2006, and took the matter under advisement.

I.

The debtor filed for chapter 11 relief on February 7, 2005. On July 19, 2005, the case was converted to chapter 7.

Standard Federal Bank had a lending relationship with the debtor and had a security interest in all pre-petition assets of the debtor, including anti-trust litigation to which the debtor was a party. On January 19, 2005, Ronald Heslop signed a personal guarantee in which he guaranteed the payment of all present and future indebtedness of the debtor to Standard Federal.

Pursuant to a Subordinated Last-Out Participation Agreement dated July 29, 2005, Standard Federal assigned its security interest to Heslop in exchange for a $462,000 payment. On August 3, 2006, Heslop and Standard Federal executed an Assignment and Assumption Agreement reflecting the full assignment of Standard Federal's interest to Heslop.

On August 28, 2006, the trustee received checks made payable to the debtor in settlement of the anti-trust litigation totaling $21,139.72.

Heslop contends that he is entitled to the proceeds from the checks because he held a pre-petition security interest in the anti-trust litigation.

The trustee contends that under applicable subrogation law, Heslop does not have a valid security interest in the proceeds because Heslop was independently liable on the debt to the bank. Therefore, Heslop does not have an enforceable subrogation right.

## II.

Subrogation has been described as taking two distinct forms:

> The doctrine of subrogation rests upon the equitable principle that one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of the person to whom such payment is made, without agreement to that effect. This doctrine is sometimes spoken of as "legal subrogation," and has long been applied by courts of equity. *Stroh v. O'Hearn*, 176 Mich. 164, 177, 142 NW 865 (1913). There is also what is known as "conventional subrogation." It arises from an agreement between the debtor and a third person whereby the latter, in consideration that the security of the creditor and all his rights thereunder be vested in him, agrees to make payment of the debt in order to relieve the debtor from a sacrifice of his property due to an enforced sale thereof. It is wholly independent of any interest in the property, which the lender may have to protect. It does not, however, inure to a mere volunteer who has no equities, which appeal to the conscience of the court. *French v. Grand Beach Co.*, 239 Mich. 575, 580-581; 215 NW 13 (1927).

*Ameriquest Mortg. Co. v. Alton*, __ N.W.2d __, 2006 WL 3423151 (Mich. App. November 28, 2006).

Heslop does not assert a right of subrogation. Rather, he claims rights under the security agreement that was assigned to him. Regardless, at the time Heslop paid the debt to the bank and received the assignment of the bank's security interest, he was not primarily liable on the debt because the debtor was not in default.

The Court must further conclude that the doctrine of conventional subrogation, upon which the trustee relies, does not apply because the agreement at issue was not between the debtor and a third party; it was between the creditor and a third party.

Accordingly, Heslop's motion for relief from stay and turnover of collateral is granted.

Not For Publication

**Signed on February 15, 2007**

                                                                                 **/s/ Steven Rhodes**
                                                                                 **Steven Rhodes**
                                                                                 **Chief Bankruptcy Judge**